UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KAYLA MAYNARD, individually and as next friend of L.W. and K.W., | § § § § | No. 1:24-CV-00920-DAE |
| Plaintiffs, | § § | |
| v. | § § | |
| LANE CONSTRUCTION CORP.., | § § § | |
| Defendant. | § § | |

ORDER

Before the Court is a Motion for Leave to file a Third Amended Complaint, filed by Plaintiffs Kayla Maynard, individually and as next of friend of L.W. and K.W., minors,[1] ("Plaintiffs") on October 1, 2024. (Dkt. # 13.) Defendant

---

[1] Plaintiffs include proposed Plaintiff Kevin Waller as a party movant in their motion. As discussed below, Plaintiffs sought to add Kevin Waller as a Plaintiff in their First Amended Complaint, filed August 29, 2024. (Dkt. # 7.) Lane filed its Original Answer in state court on August 7, 2024. (Dkt. # 2 at 24.) Plaintiffs would thus have needed to amend by August 28, 2024—21 days after August 7, 2024—to do so as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B); see Fehr v. Unicorn Freight, LLC, No. EP-23-CV-00271-DCG, 2024 WL 4849061 (W.D. Tex. Nov. 18, 2024) ("[W]here . . . a defendant has filed an answer in state court before removal, Rule 15(a)(1)'s 21-day clock runs from the date the defendant filed that state court answer.") Thus, leave of Court or indication of Defendant Lane's written consent was required to amend after August 28, 2024. See Fed. R. Civ. P. 15(a). As the First Amended Complaint was filed August 29, 2024, Waller is currently not a proper party before this Court.

1

Lane Construction Corporation ("Lane" or "Defendant") filed a response on October 14, 2024.  (Dkt. # 16.)  Plaintiffs replied on October 25, 2024.  (Dkt. # 19.)

Also before the Court is (1) Beard Construction Group, LLC's Unopposed Motion to Extend the Deadline to file Answer, filed on November 4, 2024 (Dkt. # 22); (2) Plaintiffs' Motion to Remand, filed on March 11, 2025 (Dkt. # 34); (3) Plaintiffs' Motions for Ruling on Motion to Remand (Dkts. # 37, 38); and (4) Plaintiffs' Motion for Leave to Dismiss Beard Construction Group, LLC, on April 10, 2025 (Dkt. # 39).  Defendant filed a response to Plaintiffs' Motion to Remand (Dkt. # 34) on March 18, 2025.  (Dkt. # 35.)  Plaintiffs replied on March 25, 2025.  (Dkt. # 36.)  This case was reassigned to the undersigned pursuant to the Amended Order Assigning Business of the Court on November 7, 2024.  (Dkt. # 24.)

The Court finds these matters suitable for disposition without a hearing.  After careful consideration of the parties' briefs and the relevant law, the Court **GRANTS** Plaintiffs' Motion for Leave to File a Third Amended Complaint for the reasons below and **REMANDS** the case to the 250th District Court of Travis County, Texas.

BACKGROUND

This case concerns a vehicle collision that occurred on November 18, 2022, in Williamson County, Texas. (Dkt. # 8 at ¶ 9.) Plaintiffs allege that a driver for Defendant Lane caused the collision and fled from the scene. (Dkt. # 2 at 15, ¶¶ 9–10.)

On July 3, 2024, Plaintiffs filed an Original Petition against Lane in the 250th District Court of Travis County, Texas. (Dkt. # 2.) On August 14, 2024, Lane removed the case to this Court, invoking this Court's diversity jurisdiction. (Dkt. # 1 at ¶ 1.) On August 29, 2024, Plaintiffs filed a First Amended Complaint, adding Kevin Waller as a Plaintiff. (Dkt. # 7.) The next day, Plaintiffs filed a Second Amended Complaint, adding more factual allegations. (Dkt. # 8 at ¶¶ 9, 12, 18.) Neither complaint was filed with leave of this Court or indication of Lane's written consent, and thus are not properly before the Court. See Fed. R. Civ. P. 15(a); see also note one, supra.

On September 12, 2024, Lane filed its First Amended Answer. (Dkt. # 10.) On September 26, 2024, Plaintiffs filed a Third Amended Complaint. (Dkt. # 11.) On October 1, 2024, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint. (Dkt. # 13.)

Plaintiffs' proposed Third Amended Complaint seeks leave to add the following non-diverse defendants: J.D. Abrams, L.P. ("Abrams"), L.P., Ranger

3

Excavating, L.P. ("Ranger"), Beard Construction Group, LLC ("Beard"),[2] and PBR Trucking LLC ("PBR"). (Dkt. # 13.) It also seeks to add Kevin Waller, the biological father of L.W. and K.W., as a Plaintiff.[3] Plaintiffs' proposed Third Amended Complaint alleges the vehicle involved in the collision belonged to PBR and adds three causes of action against PBR for negligence, gross negligence, and *respondeat superior*. (Id. at ¶¶ 40–48, 51–52.) Finally, the proposed Third Amended Complaint asserts the existence of a joint venture involving all Defendants. (Id. at ¶¶ 53–55.)

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, if a pleading is one to which a responsive pleading is required, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party

---

[2] On April 10, 2025, Plaintiffs filed a Motion for Leave to Dismiss Beard Construction Group, LLC (Dkt. # 39), seeking to voluntarily dismiss Beard Construction Group, LLC, pursuant to Federal Rule of Civil Procedure 41(a). The Court will proceed with the understanding that Plaintiffs no longer seek to join Beard as a Defendant.

[3] As noted above, Plaintiffs added Waller as a Plaintiff in their First Amended Complaint. (Dkt. # 7.) As that amendment was made more than 21 days after Defendant filed its answer in state court, and was without leave of the Court or indication of Lane's written consent, it is not properly before the Court. See supra, note one.

may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The language of the rule "evinces a bias in favor of granting leave to amend." Lyn–Lea Travel Corp. v. Am. Airlines, 283 F.3d 282, 286 (5th Cir. 2002). In considering whether to grant or deny leave to amend, the court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party, and futility of amendment." In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir. 1996); see also Jones v. Robinson Prop. Grp. L.P., 427 F.3d 987, 994 (5th Cir. 2005). Amendment is futile "if the complaint as amended would be subject to dismissal." Varela v. Gonzalez, 773 F.3d 704, 707 (5th Cir. 2014).

The standard for amendment, however, is different where a plaintiff seeks to add non-diverse defendants that would destroy the Court's diversity jurisdiction. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A motion to amend to add non-diverse defendants implicates competing interests: "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources," weighed

against the diverse defendant's "interest in retaining the federal forum" upon which the removal statutes are predicated. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). As a result, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Id.

Specifically, in balancing the original defendant's interest in retaining the federal forum against the competing interest in avoiding multiple and parallel litigation, a court should consider: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." Id. If the court permits the amendment adding the non-diverse defendant, it must remand the case to state court. Id.; see also 28 U.S.C. § 1447(e).

## DISCUSSION

Plaintiffs' Third Amended Complaint seeks to add the following non-diverse defendants: J.D. Abrams, L.P. ("Abrams"), Ranger Excavating, L.P. ("Ranger"), and PBR Trucking LLC ("PBR").[4] (Dkt. # 13-2 at ¶¶ 7–10.) Adding

---

[4] As the Court noted above, the proposed Third Amended Complaint also sought to add Beard Construction Group, LLC, but Plaintiffs have since moved to dismiss Beard. (See Dkt. # 13-2 at ¶ 9; Dkt. # 39.)

these defendants, who are alleged to be citizens of Texas, would destroy diversity jurisdiction since the Plaintiffs are also citizens of Texas. (Dkt. # 13-2 at ¶¶ 2–10.)

Plaintiffs' three-page motion argues Plaintiffs should be granted leave to amend under the permissive Rule 15(a) standard, rather than according to 28 U.S.C. § 1447(e) and the Hensgens factors. Defendant Lane responds under the correct standard, arguing that the amendment is sought to destroy diversity, is dilatory, and will not injure the Plaintiffs if denied. (Dkt. # 16 at 2.) Plaintiffs replied under the appropriate Hensgens factors. (Dkt. # 19.)

I. The Extent to Which the Purpose of the Amendment is to Defeat Diversity Jurisdiction.

Under Hensgens, the Court first considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction." 833 F.2d at 1182. In assessing this factor, courts "consider whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." Anzures, 886 F. Supp. 2d at 562. An effort to add a non-diverse defendant shortly after removal and prior to any additional discovery is an indication that the purpose of the amendment is to defeat diversity. Martinez v. Holzknect, 701 F.Supp.2d 886, 889 (S.D. Tex. 2010).

Plaintiffs' Third Amended Complaint asserts that the vehicle involved in the accident belongs to PBR, rather than Lane as was alleged in the Original Petition. (Compare Dkt. # 2 at 14, ¶ 4 with Dkt. # 13-2 at ¶ 9.) Plaintiffs assert

7

that this information was discovered only after recent investigation and witness interviews. (Dkt. # 19.) Plaintiffs argue the proposed Defendants were not added to defeat diversity, but rather because "based on information and belief . . . [that] they are involved in the incidents giving rise to the subject litigation." (Id.)

Lane argues Plaintiffs refer to the same crash report in both their Original Petition and their proposed Third Amended Complaint when referring to the non-diverse Defendants involved in the crash. For example, Plaintiffs' Original Petition alleges "[t]he crash report finds that the actions of the driver of Lane Construction Corp.'s commercial vehicle were the only contributing factors to the collision[,]" (Dkt. # 2 at 14, ¶ 4) but the proposed amendment alleges "[t]he crash report finds that the actions of the driver of Defendant PBR Trucking LLC, commercial vehicle operating on behalf of and as part of a transport team" for Defendants "were the only contributing factors to the collision." (Dkt. # 13-2 at ¶ 15.) Though Plaintiffs do not dispute allegations in the Original Petition reference the same crash report, Lane noted that the report "does not identify Lane[] or any of the Non-Diverse Defendants whatsoever. The crash report references an unknown vehicle with no other identifying information." (Dkt. # 16 at 4 n.1.)

Lane also argues the proposed amendment does not assert a single cause of action against Abrams, Ranger, or Beard. (Dkt. # 13-2 at ¶¶ 35–52.) However, Plaintiffs add a claim for a "joint venture," alleging that "each of the

individual sub-contractors were engaged in a joint venture." (Dkt. # 13-2 at ¶¶ 53–55.) Thus, Plaintiffs may have a cognizable claim against each of the non-diverse Defendants if those Defendants were engaged in a joint enterprise and the vehicle was operated by one of their employees. See Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 613 (Tex. 2000) ("Joint enterprise liability makes each party thereto the agent of the other and thereby to hold each responsible for the negligent act of the other.") (internal quotation marks omitted)); Robertson Tank Lines, Inc. v. Van Cleave, 468 S.W.2d 354, 357 (Tex. 1971) (discussing *respondeat superior* liability under Texas law). Plaintiffs also add claims in their proposed amendment against PBR Trucking, LLC for negligence, gross negligence, and *respondeat superior*. (Dkt. # 13-2 at ¶ 40–48, 51–52.) Finally, although Plaintiffs have now filed a motion to remand, it was not filed concurrently with the motion to amend. Ward v. Raiser, LLC, No. CV 23-5503, 2024 WL 1435150, No. 23-5503 (E.D. La. Apr. 3, 2024). For these reasons, the Court does not find Plaintiffs' amendment is made for the purpose of destroying jurisdiction.

Accordingly, the first Hensgens factor weighs in favor of granting leave to amend.

II.     Whether Plaintiff has been Dilatory in Requesting Leave to Amend.

The second Hensgens factor is "whether plaintiff has been dilatory in asking for amendment." 833 F.2d at 1182. In considering this factor, "courts

consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." Anzures, 886 F. Supp. 2d at 565 (citing Mia Reed & Co., Ltd. v. United Fire & Cas. Co., No. H–10–4440, 2012 WL 249932, at *9 (S.D. Tex. June 27, 2012)).  Generally, a plaintiff is not dilatory in seeking leave to amend a complaint "when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." Boyce, 992 F. Supp. 2d at 720 (quoting Herzog v. Johns Manville Prods. Corp., No. Civ. A. 02–110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)).

       Lane concedes in its response that Plaintiffs seek leave in the early stages of litigation, but nevertheless argues they have been dilatory because the proposed amendment is Plaintiffs' third attempt, is sought almost three months after the lawsuit was originally filed, almost two years after the alleged incident giving rise to the claims occurred, and was filed shortly after Lane removed the case from state court.  (Dkt. # 16 at 5.)  Plaintiffs reply that they have not been dilatory, and that the amendment was made "within hours of discovering the correct names and information for the additional parties."  (Dkt. # 19 at 2.)

       The Court finds Plaintiffs have not been dilatory in filing their motion to amend since they did so approximately three months after originally filing the case and about a month and a half after removal.  See McNeel v. Kemper Cas. Ins.

Co., No. Civ. A 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (finding that amendment five months after filing of state court petition and six weeks after removal was not dilatory). Moreover, the motion was filed prior to any significant activity in the case, including before the entry of a scheduling order. Boyce, 992 F. Supp. 2d at 720.

Accordingly, the second Hensgens factor weighs in favor of granting Plaintiffs leave to amend.

III.   Whether Plaintiff will be Significantly Injured if Amendment is not Allowed.

The third Hensgens factor is "whether plaintiff will be significantly injured if amendment is not allowed." 833 F.2d at 1182. In analyzing this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." Anzures, 886 F. Supp. 2d at 565 (quoting Lowe v. Singh, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010)). Courts also look to "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." Adley/Vandling, Ltd. v. Am. First Ins. Co., No. A–11–CV-1007–LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012) (citing Lowe, 2010 WL 3359525, at *2).

Denying Plaintiffs' motion could force Plaintiffs to file a separate suit, possibly prejudicing Plaintiffs and wasting judicial resources. See Schindler v. Charles Schwab & Co., Inc., No. Civ.A.05–0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005) ("District courts have also noted that forcing a plaintiff to maintain two lawsuits in two different courts which arise out the same facts wastes judicial resources and may lead to inconsistent results."). However, Plaintiffs have alleged that all Defendants, including Lane, were involved in a joint enterprise. (Dkt. # 13-2 at ¶¶ 52–55.) There is no indication that Plaintiffs could not be afforded complete relief in absence of the amendment since they have not indicated Lane would be unable to satisfy a possible judgment, and Lane is alleged to be involved in a joint enterprise with the proposed Defendants. See Boyce, 992 F.Supp.2d at 721.

Accordingly, the third Hensgens factor weighs against allowing the amendment.

IV.   Whether There are any Other Factors Bearing on the Equities.

Finally, the Court considers "any other factors bearing on the equities." Hensgens, 833 F.2d at 1182. Lane argues the balance of equities weighs against amendment because it is sought to manipulate jurisdiction. Plaintiffs reply that they have acted in good faith and the amendment is brought to ensure that "all parties involved . . . in this action are properly before the Court." (Dkt. # 19 at 2.)

As noted above, the Court has found the amendment does not suggest it is sought to defeat diversity jurisdiction. Accordingly, the Court considers the fourth Hensgens factor to be neutral because no other relevant equitable factors have been raised. See Gallegos v. Safeco Inc. Co. of Indiana, No. H-09-2777, 2009 WL 4730570, at *5 (S.D. Tex. Dec. 7, 2009) ("Because neither party points to additional equitable factors beyond these considerations, the fourth Hensgens factor weighs in neutral.").

V.      Weighing the Factors.

In sum, two Hensgens factors weigh in favor of granting leave to amend, one weighs against, and one is neutral. The purpose of the factors is to balance the original defendant's interest in retaining the federal forum against the competing interest in avoiding the "danger" of multiple and parallel litigation. See Hensgens, 833 F.2d at 1182. While the Court concedes that the decision is a close one in this case, the Court ultimately concludes that if Plaintiffs are not granted leave to amend, there is a significant danger of multiple and parallel suits involving the same set of facts. Accordingly, the Court grants Plaintiffs' Motion to Amend. (Dkt. # 13.)

Because the Third Amended Complaint names non-diverse defendants, the Court must remand the case to state court. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose

joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion for Leave to File Third Amended Complaint (Dkt. # 13).  All other pending motions are **DENIED AS MOOT** and the case is hereby **REMANDED** to the 250th District Court of Travis County, Texas.

The Clerk of the Court is **DIRECTED** to **STAY** the transfer for five days of the date of this Order.  Unless otherwise directed, the Clerk may remand the case back to State Court on the first date after the five days have elapsed.

**IT IS SO ORDERED.**

DATED: Austin, Texas, April 16, 2025.

_____
David Alan Ezra
Senior United States District Judge